*Johnson v. Mount Sinai Hospital Group, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of July, two thousand twenty-four.

**PRESENT:**
> **AMALYA L. KEARSE,**
> **GUIDO CALABRESI,**
> **ALISON J. NATHAN,**
> > *Circuit Judges,*

_____

**Jennifer Johnson,**

> *Plaintiff-Appellant,*

> v.                                                             No. 23-466

**Mount Sinai Hospital Group, Inc.,**

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:     Jennifer Johnson, pro se, East Elmhurst, NY.

FOR DEFENDANT-APPELLEE:     Rory J. McEvoy, Akerman LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jennifer Johnson, pro se, appeals from a judgment of the district court granting Defendant-Appellee Mount Sinai Hospital Group, Inc.'s motion to dismiss her complaint. Johnson alleged that her employment was terminated based on a perceived disability for refusing to comply with Mount Sinai's COVID-19 testing and vaccination requirements, and that Mount Sinai retaliated against her for filing a complaint based on that perceived disability, in violation of the Americans with Disabilities Act of 1990 (ADA). The district court concluded that Johnson failed to state a claim on either ground. We assume the parties' familiarity with the remaining facts, procedural history, and issues on

2

appeal, to which we refer only as necessary to explain our decision to affirm.

We review the dismissal of a complaint under Rule 12(b)(6) *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We review pro se submissions with "special solicitude," construing them "liberally" and "interpret[ing]" them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (cleaned up).

## I.    ADA Discrimination

To plausibly state a claim of disability discrimination under the ADA, Johnson must allege, among other things, that she was disabled or perceived to be disabled within the meaning of the ADA. *See Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005). A person has a "disability" under the ADA if she has an actual "physical or mental impairment that substantially limits one or more major life activities," or—alleged here—if she is "regarded as having such an

impairment" or there otherwise is a "record of such an impairment." 42 U.S.C. § 12102(1)(A)–(C).

Johnson argues that Mount Sinai's company-wide COVID-19 mitigation efforts—masking, distancing, and eventual vaccination—both "regard[ed] [her] as" and "record[ed]" her as either having a debilitating condition, or as at a heightened risk for developing such a condition in the future. Joint App'x at 16. We recently addressed comparable claims in *Sharikov v. Philips Medical Systems MR, Inc.*, 103 F.4th 159 (2d Cir. 2024), and held that terminating an employee for "failing to comply with generally applicable safety policies does not, without more, equate to impermissible discrimination under the ADA." *Id.* at 163. Johnson has failed to plead more, and for that reason, she has failed to state a discrimination claim under the ADA.

In *Sharikov*, the plaintiff alleged that the defendant company's COVID-19 mitigation efforts, which "applied to *all* its employees," regarded or recorded him as disabled when he was discharged for refusing to comply with the company-wide vaccine mandate. *Id.* at 167. In rejecting his allegation, we looked to the text of the ADA, and held that "to be perceived as having a disability, one must be perceived as different from most people in the general population." *Id.* at 168; *see*

4

*also* 29 C.F.R. § 1630.2(j)(ii).  Sharikov could not be regarded as having a disability because the company required "*all* employees . . . to be vaccinated" and therefore he "was not singled out because of any perception that he had an impairment that substantially limited him as compared to others."  *Sharikov*, 103 F.4th at 168.  And to the extent Sharikov alleged that unvaccinated employees were treated as if they were more prone to contracting COVID-19 due to a weakened or suppressed immune system, we also rejected that argument because "adopting measures to prevent the spread of a communicable disease" does not imply any impairment.  *Id.* at 169–70.  Finally, Sharikov was not recorded as having a disability for the same reasons—"the company-wide policy applied to all employees and was not based on any 'record' Sharikov might have had of any disability or any classification that he was disabled."  *Id.* at 169.

Here, Johnson argues that Mount Sinai's company-wide COVID vaccine policy, which required compliance from all employees, regarded her or recorded her as disabled under the ADA, the same allegations that failed to state a claim in *Sharikov*.  And Johnson likewise fails to plead any additional facts that render her allegations distinctive.  For those reasons, we observe no error in the district court's dismissal of her ADA discrimination claim.

5

## II. ADA Retaliation

The district court also properly dismissed Johnson's ADA retaliation claim. To state an ADA retaliation claim, an employee "must show that [s]he engaged in a protected activity, that [s]he suffered an adverse employment action, and that a causal connection exists between that protected activity and the adverse employment action." *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 72–73 (2d Cir. 2019). With respect to causation, a plaintiff must prove that "but for" the protected activity, "the adverse action would not have been taken." *Tafolla v. Heilig*, 80 F.4th 111, 125 (2d Cir. 2023) (quotation marks omitted).

Here, Johnson failed to plausibly allege that but for her protected activity, namely, her complaints about Mount Sinai's COVID-19 policy, she would not have been fired. The allegations in the complaint indicate that Mount Sinai began to implement policies and procedures to mitigate the spread of COVID-19, such as masking requirements, in July 2020. Then, in June 2021, Mount Sinai updated its policies to mandate employee testing for COVID-19 in order to work. Johnson first objected to the testing policy at that point. The next month, Mount Sinai announced that beginning on September 1, 2021, employees who refused to get vaccinated or submit to weekly testing would be terminated. Only at the end of

6

August 2021 did Johnson file a formal complaint that she was being perceived as disabled for refusing to comply with the policy, after which she was terminated.

The record demonstrates that Johnson's protected activity occurred only *after* Mount Sinai implemented its COVID-19 employment policies. "Thus, rather than show [Johnson] was terminated because of [her] protected activity, the allegations in the [c]omplaint make clear that [s]he was fired because of h[er] failure to comply with the company-wide vaccine policy." *Sharikov*, 103 F.4th at 171. And given that the policy applied to all employees regardless of whether they had engaged in protected activity, Johnson also has not "plausibly pleaded a connection between h[er] invocations of the ADA and h[er] termination," *id.* We reject her ADA retaliation claim accordingly.

\* \* \*

We have considered Johnson's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7